[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 23, 2010
JOHN LEY
CLERK

No. 09-15307
Non-Argument Calendar

_____

D. C. Docket No. 08-00087-CR-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICTTO JERMAINE WHITE,
a.k.a. Riccto Jermaine White,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 23, 2010)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Rictto Jermaine White appeals his 21-month sentence, imposed upon the

revocation of his supervised release pursuant to 18 U.S.C. § 3583(e)(3). On

appeal, White argues that the sentence imposed by the district court is

substantively unreasonable for the following reasons: (1) the court improperly

applied the 18 U.S.C. § 3553(a) factors, (2) a 21-month sentence is excessive

because White committed relatively minor violations of supervised release, (3) and

the sentence is higher than necessary to achieve the statutory goals of sentencing.

Upon careful review of the parties' briefs and the record, we find that these

arguments are unpersuasiv, and we affirm.

We review a sentence imposed following the revocation of supervised

release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106–07

(11th Cir. 2006) (per curiam). A reasonableness review is synonymous with the

abuse of discretion standard and uses a two-step process. *Gall v. United States*,

552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007); *United States v. Pugh*, 515 F.3d 1179,

1190 (11th Cir. 2008). First, we consider whether the district court committed a

significant procedural error.[1] *Pugh*, 515 F.3d at 1190. Next, we examine whether

the sentence is substantively reasonable under the totality of the circumstances. *Id*.

"[T]he party who challenges the sentence bears the burden of establishing that the

sentence is unreasonable in the light of both that record and the factors in section

---

[1] White does not assert that the district court procedurally erred. In any event, the district court correctly calculated White's sentence.

3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam); *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (per curiam) (citation omitted).

"Under 18 U.S.C. § 3583(e), a district court may, upon a finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of the supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a)." *Sweeting*, 437 F.3d at 1107. These factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant; and" "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment;" (3) the sentencing range established by the Guidelines; (4) the pertinent policy statements of the Sentencing Commission, (5) "the need to avoid unwarranted sentence disparities;" and (6) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3583(e), *cross referencing* 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7).

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment

3

in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (citation and alterations omitted).  We will only remand a sentence when the district court commits "a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Pugh*, 515 F.3d at 1191 (citation and quotation omitted).

In *Rita v. United States*, the Supreme Court held that in reviewing sentences for reasonableness under § 3553(a), a federal appellate court "may apply a presumption of reasonableness to a district court sentence" imposed within the guideline range.  551 U.S. 338, 347, 127 S. Ct. 2456, 2462 (2007).  "Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily . . . expect a sentence within the [g]uidelines range to be reasonable." *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (alteration in orginal) (citation and quotation omitted).

Here, White has failed to show that his 21-month sentence was unreasonable.  White's sentence was within the guidelines range, and a review of the record indicates that the district court expressly acknowledged that it had considered the 18 U.S.C. § 3553(a) factors.  The district court explained that White's sentence was to provide an adequate deterrence to criminal conduct,

protect the public from further crimes of the defendant, and give him a chance to get educational or vocational training, and other corrective treatment. Moreover, the district court also determined that White's sentence was "compar[able] with the kind of other sentences available, and [that] it t[ook] into consideration the Sentencing Guidelines." Tr. 11. Although White would have liked the court to weigh those factors differently, we cannot say that the district court abused its discretion by sentencing White to 21-months' imprisonment. Accordingly, White has not met his burden, and we therefore affirm his sentence.

**AFFIRMED.**